## WILLIAM F. GEENTY, ADMR.
*vs.*
## PHOENIX MUTUAL LIFE INSURANCE CO.

Superior Court       New Haven County       File No. 56425

MEMORANDUM FILED APRIL 3, 1939.

*Stoddard, Persky & Eagan,* of New Haven, for the Plaintiff.

*Gross, Hyde & Williams,* of Hartford, for the Defendant.

SIMPSON, J.   Plaintiff seeks to recover upon two life insurance policies payable to his decedent's estate, and has moved for a summary judgment and duly filed a supporting affidavit.

The defendant has filed a counter affidavit.   In its affidavit the defendant admits that it is liable upon the policies and that the amounts of the policies were payable to plaintiff's decedent's estate, but alleges, among other matters, that the amounts of the policies were, through mistake, paid to three sons of plaintiff's decedent, who are alleged to be the sole beneficiaries under a trust created by the decedent and that if the sums are paid again the three sons will have the use thereof, and to which they are not equitably entitled, and further alleges that this action ought to be postponed until the trial of an action it has brought in Hartford County to recover the amount it paid to the three sons, and alleges it proposes to file an answer in this case asking for equitable relief and the postponement of this action.

Plaintiff's motion to strike the affidavit from the files presents an issue-finding rather than an issue-determining question for the court.

Under our procedure, the court, upon filing of affidavits in connection with a motion for summary judgment, is to determine whether defendant has shown such facts as may be deemed sufficient to entitle him to defend (Practice Book [1934] §53).   The nature of the defense is not limited.   It may be either legal or equitable.   Under the English practice the showing of a difficult question of law would entitle the defendant to defend.   *Electric and General Contract Corp. vs. Thomson-Houston Electric Co.,* 10 T.L.R. 103 (1893); *Western Nat. Bank of New York vs. Perez, Triana & Co.,* 6 id. 366 (1890); *Clark and Samenow, The Summary Judgment* (1929, 38 Yale Law Jour. 423, 433.

The question before the court (according to different authorities) being an issue-finding rather than an issue-determining

question, the court cannot determine upon a motion such as this, the merits of the claims involved. It may be that when those questions come before the court, the court may determine that the defendant is entitled to some equitable relief, or at least, to a stay of these proceedings until the case in Hartford has been determined.

The motion is therefore denied.